# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4065

_____

United States of America,           *
           *

        Appellant,       *
           *   Appeal from the United States
    v.               *   District Court for the
           *   District of Nebraska.

William Andrews, Jr.,       *
           *

        Appellee.       *

_____

Submitted: April 20, 2006
Filed: July 28, 2006

_____

Before ARNOLD and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

_____

ARNOLD, Circuit Judge.

This appeal followed after the district court granted William Andrews's motion to suppress drugs found in his vehicle when a police officer stopped him for a traffic violation. Because we cannot discern exactly what grounds the district court had for granting the motion, we remand the case for further findings.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

I.

While driving toward Chicago, Mr. Andrews stopped in Seward County, Nebraska, to refuel his car. As he returned to the interstate, Deputy Randy Brown followed in his patrol car; Mr. Andrews was in the right lane and Deputy Brown in the left. After Mr. Andrews approached and passed a tractor-semitrailer, Deputy Brown pulled him over for "follow[ing] another vehicle more closely than is reasonable and prudent." *See* Neb. Rev. Stat. § 60-6,140(1). A search of Mr. Andrews's vehicle yielded a large quantity of cocaine.

After Mr. Andrews was indicted for conspiring to distribute and to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, he moved to suppress the drugs on the ground that Deputy Brown had not had probable cause to stop his vehicle. A police officer may stop a vehicle when he or she has probable cause to believe that the driver has committed a traffic violation. *Whren v. United States*, 517 U.S. 806, 810 (1996). Probable cause exists when a reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Thomas*, 93 F.3d 479, 485 (8th Cir. 1996). The magistrate judge concluded that Deputy Brown did have probable cause to stop Mr. Andrews and thus recommended that the district court deny Mr. Andrews's motion. The district court rejected the recommendation.

At the suppression hearing, Deputy Brown testified that he had used a stopwatch to determine that Mr. Andrews had been 1.55 seconds behind the tractor-semitrailer; such an interval, he said, was not a reasonable and prudent one. When asked if there was a standard time for deciding whether one vehicle is following another too closely, Deputy Brown said that he used the so-called two-second rule: In his experience, drivers generally required two seconds to react effectively to a road emergency. He testified, in addition, that most driver's manuals recommend that drivers maintain at least a two-second interval between themselves and other vehicles.

On cross-examination, defense counsel asked how far Mr. Andrews's car had been from the tractor-semitrailer; Deputy Brown estimated that the two vehicles had been approximately 30 feet apart. Mr. Andrews testified, however, that he was sure that he was traveling at 74 miles per hour because he had set the car's cruise control at that speed. At 74 miles per hour, a car would travel 168.2 feet in 1.55 seconds. Deputy Brown in fact testified that he thought that a car going 75 miles per hour would travel over 200 feet in 1.55 seconds.

The district court found Deputy Brown's testimony to be "contradictory" and concluded that there was "no competent evidence with respect to either the distance between the two vehicles or the distance that would have been reasonable and prudent under the circumstances." Since the court found there was no "objective basis for belief that Andrews was following too closely," it rejected the magistrate's recommendation and granted Mr. Andrews's motion to suppress.

II.

When reviewing a district court's grant of a motion to suppress, we review its factual findings for clear error and its application of law *de novo*. *United States v. Hurt*, 376 F.3d 789, 791 (8th Cir. 2004). The credibility determinations of the district court are entitled to great deference on review. *United States v. Williams*, 429 F.3d 767, 771 (8th Cir. 2005).

We are uncertain about the basis for the district court's order granting the motion. One possibility is that the court concluded that Deputy Brown's conflicting testimony about the distance between Mr. Andrews's car and the tractor-semitrailer left the court without a firm belief as to which distance was correct. But we think that either distance would have given a reasonable officer grounds to stop Mr. Andrews. Trailing a vehicle by only 30 feet while going 74 miles per hour is quite obviously not reasonable and prudent. We also believe that an interval of 168 feet would have justified the police stop that occurred here: While the so-called "two-second rule" is

-3-

not enshrined in Nebraska law, it is a widely-used rule of thumb that accounts for the speed of traffic in a more reliable way than does a distance-based heuristic. Other circuits that have considered the propriety of police stops predicated on the two-second rule have generally agreed. *See United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005); *United States v. Nichols*, 374 F.3d 959, 965 (10th Cir. 2004), *vacated*, 125 S. Ct. 1082 (2005), *opinion affirming conviction reinstated and case remanded for resentencing*, 410 F.3d 1186, 1187 (10th Cir. 2005). We think that when one car trails another by less than two seconds, an officer will generally have probable cause to believe that the trailing car is closer than what is reasonable and prudent. An even stronger inference of risk exists when the weather is inclement, as it was here. Therefore, if the district court was simply unsure as to whether Mr. Andrews's vehicle was 30 or 168 feet from the truck, it should have denied Mr. Andrews's motion to suppress.

Alternatively, one can read the district court's order as rejecting all of Deputy Brown's testimony as to the distance between the two vehicles. In other words, the district court might have been saying that Deputy Brown did not know how far apart the vehicles were and thus had no basis for concluding that the law was being violated. If so, the district court would be left with no evidence on which to decide whether Mr. Andrews had violated Nebraska law. The lack of such evidence would mean that the government had failed in its burden to prove that Deputy Brown had probable cause to stop Mr. Andrews's car, and the court would be obliged to grant Mr. Andrews's motion to suppress. Because of the high degree of deference that we give to a district court's credibility determinations, *see Williams*, 429 F.3d at 771, the scope of our review in that event would be greatly limited.

We are unclear about the meaning of the district court's opinion, and thus we feel the need to remand the matter with the respectful request that the district court clarify its findings.

## III.

For the foregoing reasons, we remand this case to the district court. We retain jurisdiction over the appeal and will resolve it upon receipt of the district court's findings.

_____