# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3043

_____

United States of America,

           Appellee,

v.

Fabian Perez Lopez,

           Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

_____

Submitted: January 13, 2009
Filed: April 30, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Fabian Perez Lopez pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, on the condition that his right to appeal the denial of his motion to suppress be preserved. The district court[1] sentenced Perez Lopez to forty-six months in prison. Perez Lopez now appeals the denial of his motion to suppress. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

On October 9, 2007, Perez Lopez was driving a white Audi eastbound on Interstate 80 in Nebraska. Nebraska State Patrol Trooper Ryan Henrichs was responding to a call while traveling eastbound on Interstate 80. The lights of his patrol vehicle were not illuminated and he was driving in excess of the sixty-five mile per hour speed limit. As he approached the Audi, Trooper Henrichs observed that its brake lights lit up and that the car slowed abruptly to fifty miles per hour. Henrichs drove alongside the Audi in the passing lane, matching the vehicle's consistent speed for approximately a half mile. He observed that the driver of the vehicle continued to look straight ahead, with his hands fixed firmly at the ten-and-two position on the steering wheel.

Because traffic was accumulating behind the two vehicles, Henrichs sped up to relieve the congestion. He stayed in the passing lane and maintained a distance of approximately forty yards from the Audi so that he could see the vehicle in his rearview mirrors. At this time, both Henrichs and Perez Lopez were traveling at sixty-five miles per hour. At least one following motorist took advantage of the distance between the two vehicles by passing the Audi and reentering the driving lane. Henrichs noted that a straight truck also passed the Audi and then changed lanes so as to drive directly in front of the Audi. The Audi then pulled up closely behind the truck, creating what Henrichs perceived to be an unsafe distance between the two vehicles. To confirm this perception, Henrichs slowed his patrol vehicle to again drive alongside the Audi. He picked a fixed spot and measured the distance between the two vehicles. Using a stopwatch, he determined that Perez Lopez was only .58 seconds behind the truck. Because this distance was less than the two-second standard, Henrichs concluded that Perez Lopez was in violation of a traffic law.

As Henrichs slowed down to get behind the Audi, Perez Lopez also slowed down to match Henrichs's speed. Henrichs then sped up and pulled onto the shoulder of Interstate 80. He waited until Perez Lopez passed him and then initiated a traffic

stop.  During the course of the stop, Henrichs and a fellow trooper discovered heroin in the Audi.  Perez Lopez was arrested and charged with one count of possession of one kilogram or more of heroin with the intent to distribute.

Perez Lopez filed a motion to suppress based in part on his assertion that Henrichs did not have probable cause to conduct the traffic stop.  At the conclusion of an evidentiary hearing, the magistrate judge filed a memorandum recommending that the motion to suppress be granted, finding that Henrichs had created the unsafe driving condition of which Perez Lopez was accused.  The district court sustained the government's objections to the report and recommendation in part, finding that there was probable cause to effectuate the traffic stop.

II.

We review the district court's findings of fact for clear error and its application of law *de novo*.  United States v. Andrews, 454 F.3d 919, 921 (8th Cir. 2006).  The district court's credibility determinations are "entitled to great deference."  Id.

The temporary detention of an individual during a traffic stop constitutes a seizure within the scope of the Fourth Amendment and "is thus subject to the constitutional imperative that it not be unreasonable under the circumstances."  Whren v. United States, 517 U.S. 806, 809-10 (1996) (internal quotations omitted).  This requirement is satisfied where probable cause exists.  Id.  "A traffic violation, no matter how minor, creates probable cause for a law enforcement officer to stop the vehicle."  United States v. Blaylock, 421 F.3d 758, 767 (8th Cir. 2005).  Under Nebraska law, it is unlawful for the driver of a motor vehicle to "follow another vehicle more closely than is reasonable and prudent."  Neb. Rev. Stat. § 60-6, 140(1).  The two-second rule utilized by Henrichs is a "widely used rule of thumb that accounts for the speed of traffic" and is an appropriate measurement of whether a

trailing car is maintaining a reasonable and prudent distance. Andrews, 454 F.3d at 921-22.

Perez Lopez contends that Henrichs created an unsafe situation by remaining in the passing lane only forty yards ahead of Perez Lopez's car. Perez Lopez asserts that under these conditions any vehicle aiming to pass his vehicle would be forced to change into the driving lane at an unsafe distance. Accordingly, the unsafe distance between the truck and the Audi was the direct result of Henrichs' actions, rendering the stop objectively unreasonable, because a police officer cannot circumvent the requirements of the Fourth Amendment by manufacturing exigent circumstances. See United States v. Duchi, 906 F.2d 1278, 1284 (8th Cir. 1990).

The district court credited Henrichs's description of the events, and we cannot say that the court clearly erred in doing so. There is no evidence that Perez Lopez was constrained by vehicles behind him such that he could not also have slowed down to create more space between his vehicle and the truck. Indeed, as recounted above, after Henrichs clocked the distance between Perez Lopez's vehicle and the truck, Henrichs slowed his patrol vehicle in an attempt to get behind the Audi, an attempt that was thwarted by Perez Lopez's action in slowing to match Henrichs's speed. Although the district court found that the truck likely made an unsafe passing maneuver when it entered the driving lane in front of Perez Lopez's vehicle, it does not follow that Perez Lopez was not violating traffic laws by maintaining, and perhaps even shortening, the unsafe distance.

Perez Lopez also contends that the district court erred in failing to take Henrichs's subjective intentions into account. The district court found that "there is no question that Henrichs was looking for a reason to stop the Audi," but concluded that this was not relevant in light of Whren, which declared that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren, 517 U.S. at 813. Perez Lopez contends, however, that this was not an

-4-

ordinary traffic stop because Henrichs conveyed his subjective intent to Perez Lopez when he drove alongside the Audi for a half mile. See Michigan v. Chesternut, 486 U.S. 567, 576 n.7 (1988) (recognizing that the subjective intent of an officer is relevant only "to the extent that intent has been conveyed to the person confronted").

In Chesternut, a marked patrol car carrying four police officers followed Chesternut around the corner after he took off running upon seeing the patrol car. Once the patrol car caught up to Chesternut, the officers "drove alongside him for a short distance." Id. at 569. The Court concluded that this police presence did not constitute a seizure under the Fourth Amendment. Id. at 575. Considering that the officers' subjective intentions in Chesternut played no role in the Fourth Amendment analysis in that case, Henrichs's similar actions here are likewise not relevant to our analysis.

The judgment is affirmed.

_____