# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2431
_____

United States of America

*Plaintiff - Appellee*

v.

Ler Wah Guide

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: March 14, 2018
Filed: June 6, 2018
_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

A jury convicted Ler Wah Guide of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9). Guide appeals, arguing that he was not prohibited from possessing firearms because he did not knowingly and voluntarily waive his right to a jury trial when he pleaded guilty to misdemeanor domestic abuse in 2013. We affirm.

## I. Background

Guide cannot speak or read English, but instead speaks and reads only the Karen language. In 2013, he pleaded guilty to misdemeanor "simple assault-domestic abuse" in the South Dakota Third Judicial Circuit Magistrate Court, located in Beadle County, South Dakota (Beadle County court). In the Beadle County court, defendants who need interpreters are directed to sit in the jury box, Spanish speakers on one side and Karen speakers on the other. Each defendant is handed a typewritten waiver form, which lists various rights—including the right to a jury trial—in English as well as the defendant's primary language. A magistrate judge then orally informs the defendants of their trial rights en masse, typically reading from the English version of the waiver form. Two interpreters simultaneously translate the magistrate judge's announcement to the groups of defendants. Each defendant is then called to address the court individually. Guide underwent this process when he pleaded guilty to misdemeanor domestic abuse in 2013. And he entered guilty pleas in Beadle County court on two other occasions: In May 2010 and December 2012, he pleaded guilty to "driving or controlling vehicle with alcohol in blood."

In 2015, law enforcement officers discovered a shotgun in the trunk of Guide's car, and he was later indicted on one count of possessing a firearm as a prohibited person. He moved to dismiss the indictment, arguing that he was not prohibited from possessing firearms under § 922(g)(9) because he had not knowingly and voluntarily waived his right to a jury trial when he pleaded guilty to misdemeanor domestic abuse in the Beadle County court in 2013. The district court[1] held an evidentiary hearing. Guide testified that he has a fifth-grade education, and that he lived in Burma until he was twenty years old. He further testified that, when he pleaded guilty to domestic abuse in the Beadle County court, he did not know that he had a right to a jury trial.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

He also testified that he did not hear or understand everything the interpreter was saying because the magistrate judge and the two interpreters were speaking at the same time. He testified that the interpreter gave him the English–Karen waiver form before he entered his plea, but he did not read the form and his attorney did not review it with him. The attorney who represented Guide at his 2013 plea testified that it was his practice to advise all criminal defendants of their right to a jury trial, although he did not specifically remember whether he had so advised Guide. The government submitted certified records from Guide's 2013 domestic abuse case, including a copy of the English–Karen waiver form that Guide had signed, and transcripts showing that he was advised of his trial rights at his arraignment, initial appearance, and plea hearing.

The district court denied Guide's motion. Specifically, the district court found that Guide's hearing testimony was not credible, given that the Beadle County court had advised him of his jury trial rights at least three times before he entered his plea in the 2013 domestic abuse case alone. The district court also reasoned that Guide had a "more general understanding" of his right to a jury trial from his experiences in his 2010 and 2012 misdemeanor cases. Central to the district court's finding that Guide had knowingly and voluntarily waived his right to a jury trial was the fact that he was advised of that right in Karen, both orally (through the interpreter) and in writing (via the waiver form). The district court noted that the waiver form instructed defendants to ask their interpreter, attorney, or the court any questions they had about their rights.

The presentence investigation report (PSR) recommended that Guide not receive any reduction for acceptance of responsibility because he elected to go to trial. Guide did not object to this recommendation; instead, he sought a downward variance, emphasizing that he had cooperated with police to turn over the shotgun and admitted his offense conduct during his PSR interview. Noting that Guide had twice appeared at change-of-plea hearings in this case, neither of which resulted in Guide pleading

guilty, defense counsel indicated, "I'm not sure I could have ever gotten [Guide] through a plea hearing under any circumstances."

The district court adopted the PSR's 18 to 24 month advisory Guidelines range, but varied downward, sentencing Guide to one year and one day in prison. Notably, the district court explained:

> In deciding your sentence, I'm considering a number of things. One is the serious nature of th[is] offense.
>
> The other thing I'm considering is the fact that I think you do have a language barrier. I think it's difficult for you to understand even the interpreter [in the 2013 case]. And for that reason, it also is difficult for you to enter a plea of guilty here. And I think that that is part of the reason why you went to trial was because of that language barrier.
>
> When law enforcement came to investigate, you cooperated with them right away. You provided them with the gun and access to your vehicle. You also provided them with a copy of your hunting license. So I am going to give you some credit for cooperating with law enforcement and to some extent, accepting responsibility.

On appeal, Guide argues that the district court erred by denying his motion to dismiss the indictment based on its finding that he knowingly and voluntarily waived his right to a jury trial in his 2013 misdemeanor domestic abuse case. He also argues that the district court's statement about a "language barrier" during sentencing contradicts its finding of a knowing and voluntary waiver.

## II. Discussion

Section 922(g)(9) generally prohibits persons who have been convicted of misdemeanor crimes of domestic violence from possessing firearms. Relevant here, Guide's 2013 misdemeanor domestic abuse conviction did not bar him from

possessing firearms unless he knowingly and voluntarily waived his right to a jury trial in that case. See 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb). "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." Adams v. United States ex rel. McCann, 317 U.S. 269, 278 (1942). "'In making this determination, courts may consider a variety of factors showing that a waiver is validly given,' including, but not limited to, 'the extent of the particular defendant's ability to understand courtroom discussions regarding jury waiver.'" United States v. Frechette, 456 F.3d 1, 12 (1st Cir. 2006) (quoting United States v. Leja, 448 F.3d 86, 93–94 (1st Cir. 2006)).

"We review factual findings by the district court for clear error and the determination of whether a waiver of rights was voluntary de novo." Id. at 11 (quotation omitted); see also United States v. Yielding, 657 F.3d 688, 702 (8th Cir. 2011) ("We review the denial of a motion to dismiss an indictment *de novo*."). When reviewing the district court's findings of fact, we accord "great deference" to its credibility determinations. United States v. Andrews, 454 F.3d 919, 921 (8th Cir. 2006).

The district court did not err in determining that Guide knowingly and voluntarily waived his right to a jury trial when he pleaded guilty to misdemeanor domestic abuse. We recognize that language and cultural barriers can, in some circumstances, affect a defendant's ability to understand, and thus to knowingly and voluntarily waive, constitutional rights. This may be especially so when they are advised of those rights as a group. But here, the district court expressly discredited Guide's testimony that he did not understand he was waiving his right to a jury trial when he pleaded guilty to misdemeanor domestic abuse. On this record, such a finding was not clearly erroneous. And given this adverse credibility determination, the district court's ultimate conclusion that Guide's waiver of his right to a jury trial was knowing and voluntary was not erroneous. The Beadle County court had advised Guide of his right to a jury trial on at least three occasions before he entered his guilty

plea.  See Frechette, 456 F.3d at 12 (holding that defendant's waiver of his right to jury trial was knowing and voluntary where he pleaded guilty after having been advised of his trial rights at a mass arraignment).  And Guide signed the English–Karen waiver form, which accurately advised him of his right to a jury trial, and instructed him to inquire further if he had any questions.[2]  Moreover, Guide had on two prior occasions entered guilty pleas after having been advised of his right to a jury trial.  Finally, we conclude that the district court's reference to a "language barrier" at sentencing did not undermine its finding that Guide's waiver in his domestic abuse case was knowing and voluntary.  Rather, the district court was merely explaining its decision to vary downward because Guide had, in some ways, accepted responsibility notwithstanding his decision to go to trial.

## III.  Conclusion

Accordingly, we affirm.

_____

---

[2]Guide emphasizes that the English–Karen waiver form contains typographical errors.  We agree with the district court that those errors did not invalidate the waiver.