# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2121
_____

United States of America

*Plaintiff - Appellee*

v.

Mary Lavone Linnell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 12, 2024
Filed: February 26, 2024
_____

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

A grand jury indicted Mary Linnell for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), following a traffic stop in which law enforcement recovered methamphetamine, cocaine, and drug paraphernalia from the vehicle in which she was a passenger. Linnell moved to suppress the evidence, arguing that the patrol officer lacked probable cause or

reasonable suspicion to conduct the traffic stop. The district court[1] denied the motion, and Linnell entered a conditional guilty plea preserving her right to appeal the suppression ruling. The district court then sentenced Linnell to 92 months' imprisonment with 5 years of supervised release to follow. Linnell now appeals the denial of her motion. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Nicholas Reinert is a police officer with the City of Cedar Rapids, Iowa. While on a nighttime patrol, Officer Reinert passed the home of a known narcotics dealer, where he noticed an SUV idling at the end of the driveway. From two blocks away, he watched in his rearview mirror as the SUV entered the road and failed to stop at a stop sign. Officer Reinert then began following the SUV as it merged onto the Interstate but decided against immediately stopping the driver because his forward-facing dashcam did not record the stop-sign violation. While on the Interstate, Officer Reinert watched as an ambulance signaled and merged into the SUV's lane of travel. The SUV did not slow, causing it to trail the ambulance by two car lengths for approximately one-quarter mile—a distance that Officer Reinert determined was unsafe given the rainy weather conditions and high rate of speed of highway travel. He also "paced" the SUV by driving behind it at the same speed, from which he determined that it was traveling 59 miles per hour in a 55 mile per hour zone. Officer Reinert then conducted a traffic stop of the SUV for, in relevant part, (1) running a stop sign, (2) following another vehicle too closely, and (3) speeding. He made contact with two occupants, including Linnell, who was in the passenger seat. A canine unit later arrived and alerted to the presence of narcotics in the SUV. A subsequent search revealed a large quantity of methamphetamine in a container on the passenger floorboard and drug paraphernalia in and around the

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

center console, as well as an electronic scale in Linnell's purse and cocaine in her jacket.

Following her arrest and indictment, Linnell filed a motion to suppress the evidence that officers recovered from the SUV, alleging that the traffic stop constituted an unlawful seizure under the Fourth Amendment. After conducting an evidentiary hearing on the motion in which Officer Reinert testified as the sole witness, the magistrate judge recommended that the district court deny the motion. Over Linnell's objections, the district court adopted the magistrate's report and recommendation in full. On appeal, Linnell alleges that the district court erred by denying her motion to suppress, renewing her argument that Officer Reinert lacked probable cause or reasonable suspicion to conduct the traffic stop.

## II.

"In reviewing a denial of a motion to suppress, we review the district court's findings of fact for clear error, giving due weight to the inferences police drew from those facts. We review de novo the district court's legal conclusion that reasonable suspicion or probable cause existed." United States v. Mattox, 27 F.4th 668, 673 (8th Cir. 2022) (citation omitted). We will uphold the district court's denial of a motion to suppress "unless it is not supported by substantial evidence, is based on an erroneous interpretation of applicable law, or is clearly mistaken in light of the entire record." United States v. Woods, 829 F.3d 675, 679 (8th Cir. 2016) (citation omitted).

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "A traffic stop constitutes a seizure for purposes of the Fourth Amendment and therefore must be supported by probable cause or reasonable suspicion." United States v. Givens, 763 F.3d 987, 989 (8th Cir. 2014). "Probable cause to conduct a traffic stop exists '[a]s long as an officer "objectively has a reasonable basis for believing that the driver has breached a traffic law."'" United States v. Gordon, 741 F.3d 872, 876 (8th Cir. 2013) (alteration in original) (citation

omitted); see also United States v. Cox, 992 F.3d 706, 709 (8th Cir. 2021) ("[A] traffic violation—however minor—creates probable cause to stop the driver of a vehicle." (citation omitted)).  We assess probable cause using a totality-of-the-circumstances approach, pursuant to which the evidence "must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."  Illinois v. Gates, 462 U.S. 213, 232 (1983) (citation omitted).

A.

The district court did not clearly err in finding that the SUV in which Linnell was a passenger violated three traffic laws, nor did it err in concluding that Officer Reinert had probable cause to conduct a traffic stop on any of these bases.  At the evidentiary hearing on the motion to suppress, Officer Reinert testified that the SUV ran a stop sign before entering an intersection.  Failing to stop at a stop sign is a traffic violation under Iowa law.  Iowa Code § 321.322(1).  Linnell dismisses Officer Reinert's observation as unreasonable and incredible since he watched the violation occur in his rearview mirror, at night, from two blocks away, and chose not to immediately stop the SUV.  But the district court found that Officer Reinert—who had served with the Cedar Rapids Police Department for approximately four years and had been involved in around 450 traffic stops—was a credible witness.  "We give great deference to a lower court's credibility determinations because the 'assessment of a witness's credibility is the province of the trial court.'"  United States v. Wright, 512 F.3d 466, 472 (8th Cir. 2008) (citation omitted).  Although Officer Reinert did not conduct a traffic stop after observing the SUV run the stop sign because his dashcam did not record the event, the failure to videotape the violation does not undermine his testimony that a violation had indeed occurred.  See id. (affirming where the district court found officers' testimony that the defendant failed to stop at a stop sign credible despite the officers' failure to activate their dashcams until after the violation occurred).

B.

Iowa law also prohibits a motor vehicle from following another vehicle "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Iowa Code § 321.307. Officer Reinert testified that the SUV trailed the ambulance on the Interstate by two car lengths for one-quarter mile, a distance the district court equated to a half-second gap between the two vehicles. The dashcam footage, in which Officer Reinert contemporaneously stated that the vehicles were separated by two car lengths, corroborates this finding. Under the widely used "two-second rule," motorists generally require two seconds of distance between another vehicle to properly react to an on-road emergency. United States v. Andrews, 454 F.3d 919, 921-22 (8th Cir. 2006). In this vein, "when one car trails another by less than two seconds, an officer will generally have probable cause to believe that the trailing car is closer than what is reasonable and prudent." Id. at 922. "An even stronger inference of risk exists when the weather is inclement," as it was when Officer Reinert observed the SUV. Id. It was thus reasonable for Officer Reinert to conclude that the SUV was operating in an imprudent manner.

Linnell argues that the driver of the ambulance failed to maintain a "proper lookout" before merging into the SUV's lane of travel, preventing the SUV from following at a safe distance. See Vasconez v. Mills, 651 N.W.2d 48, 52 (Iowa 2002) (noting that the "duty of lookout to the rear" requires "sufficient observation to establish an awareness of the presence of others at a time when a maneuver is contemplated which may endanger a following vehicle" (emphasis omitted) (citation omitted)). However, the ambulance activated its turn signal before changing lanes, notifying the driver that such a move was imminent. See Cox, 992 F.3d at 709-10 (rejecting an argument that the appellant was unable to avoid following another vehicle too closely where the vehicle applied its brakes, "which should not have been a surprise" given that it was near an exit). And Linnell offers no explanation for why the driver of the SUV did not slow to accommodate the ambulance despite

having the opportunity to do so. See id. (noting that the appellant could have safely slowed to avoid following the other vehicle too closely).

C.

Iowa law further prohibits motorists from exceeding the posted speed limit. See generally Iowa Code § 321.285. Officer Reinert testified that he paced the SUV and determined that it was traveling at a speed of 59 miles per hour in a 55 mile per hour zone. Linnell contends that this testimony is incredible, as Officer Reinert did not use a speed-tracking device, nor does the dashcam footage make clear whether the SUV was in a 55 mile per hour zone. Again, we see no reason to discount the district court's assessment of the veracity of Officer Reinert's testimony or of the propriety of the pacing technique to determine speed. See United States v. Gunnell, 775 F.3d 1079, 1083 (8th Cir. 2015) (finding no error where the district court determined that an officer's testimony regarding pacing was credible and established probable cause to conduct a traffic stop). Therefore, it was reasonable for Officer Reinert to conclude that the SUV was speeding. See United States v. Gaffney, 789 F.3d 866, 869 (8th Cir. 2015) ("The issue is whether the totality of the circumstances at the time of the stop supports the reasonableness of the officer's belief that [the appellant] was speeding *at all*."). In sum, the district court did not clearly err in finding that Officer Reinert observed three traffic violations; accordingly, we find no error in the district court's legal conclusion that Officer Reinert had probable cause to conduct a traffic stop of the SUV.[2]

III.

The judgment of the district court is affirmed.

_____

_____

[2]We therefore need not reach Linnell's alternative argument that Officer Reinert lacked reasonable suspicion to conduct a traffic stop.