# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3709WM

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| Lester Herron, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2000

Filed: June 6, 2000

_____

Before RICHARD S. ARNOLD, HEANEY, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Lester Herron entered a conditional plea of guilty to interstate travel in aid of racketeering and to the use of a communication facility to further a drug-trafficking crime. See 18 U.S.C. § 1952; 21 U.S.C. § 843 (b). Prior to his plea, Mr. Herron filed a motion to suppress evidence obtained by police during a search of his home. Despite finding that probable cause did not exist for the search warrant, the Magistrate Judge recommended that the motion be denied, applying the "good faith" exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897 (1984). The District Court adopted this recommendation. Mr. Herron appeals, arguing that the warrant was so

lacking in probable cause that no reasonable officer would rely upon it. We agree and reverse.

## I.

On August 31, 1998, the Circuit Court of Harrison County, Missouri, issued a search warrant for Mr. Herron's residence. The search-warrant application was supported by the affidavits of Agent William Lenhart of the Missouri Conservation Department, and Trooper Donald Tyes of the Missouri Highway Patrol. Mr. Herron plays only a small part in these affidavits, which are primarily concerned with officers' investigation of marijuana cultivation by his relatives, the Bucks, on a nearby farm. Agent Lenhart's affidavit stated that during a poaching investigation, he learned from a Kentucky conservation officer that Tommie Neil Buck (whom we shall call Buck, Jr.), a poaching suspect, was also under suspicion in Kentucky for marijuana cultivation. Lenhart attempted to deliver poaching citations to Buck, Jr., at his listed residence, a trailer located on a farm owned by him and his father, Tommy H. Buck (Buck, Sr.). No one was home. In April, 1998, Lenhart delivered the citations to Buck, Jr., at Mr. Herron's farm. Buck, Jr., told Lenhart that he was staying at the Herron residence to harvest corn. On July 23, 1998, Lenhart notified Trooper Tyes that Buck, Jr., might be involved in the cultivation of marijuana.

Trooper Tyes's affidavit stated that on July 24, 1998, he and Agent Lenhart searched an open portion of cornfield on the Buck farm but did not locate any marijuana. Subsequent searches, however, uncovered hundreds of marijuana plants on the Buck farm, hidden between rows of corn. Tyes contacted the Kentucky State Police, who indicated that the Bucks had a history of cultivating marijuana and that Buck, Jr., was currently under a 1996 indictment for cultivating marijuana. The Kentucky State Police also told Tyes that Mr. Herron was a relative and an associate of Buck, Sr., and that Mr. Herron had two previous convictions for cultivating marijuana in Kentucky, in 1984 and 1996. Based on these facts, his seventeen years

of experience as a patrolman, and his involvement in numerous drug investigations, Trooper Tyes concluded that marijuana and the implements of marijuana production would be found at the Herron residence.[1]

The Prosecuting Attorney of Harrison County reviewed and submitted these affidavits with an application for a search warrant for the Herron residence. At the same time, she submitted an application for a search warrant for the Buck farm. The same affidavits were offered to support both warrant applications; only the name of the occupant and the descriptions of the residences to be searched varied.

## II.

The government concedes on appeal that the search warrant for Mr. Herron's residence was not supported by probable cause. Under Leon, however, evidence obtained pursuant to a search warrant that is later found to be invalid is not suppressed if the executing officers reasonably relied in good faith on the issuing court's determination of probable cause and technical sufficiency. 468 U.S. at 922. Mr. Herron argues that "objective good faith" was not present here because the search warrant was based on affidavits "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923. We agree.

---

[1] The affidavit actually concludes that marijuana and implements for cultivating it will be found on the Buck farm. The affidavit seeking a warrant to search the Herron farm was identical to an affidavit seeking a warrant to search the Buck farm, except for the description of the two properties appearing at the beginning of the respective affidavits. Apparently the Buck affidavit was drafted first. When it came time to draft the Herron affidavit, the affiant's conclusion about the likely location of marijuana and other evidence on the Buck farm were not changed. In fact, the Herron affidavit did not even include a complete reference to the Herron property.

First, as the Magistrate Judge concluded, "[t]here is simply no evidence in either affidavit that [marijuana or the implements of marijuana production] would be found at [Mr. Herron's] residence . . .." The affidavits provide no evidence that there was any illegal activity at the Herron residence and no evidence that Mr. Herron ever participated in the cultivation of the marijuana found at the Buck farm. Mr. Herron was never seen at the location where the marijuana was discovered, and no marijuana had ever been seen at his residence. Mr. Herron made no admission that he had been at the site of the marijuana cultivation, and he was not shown to have been associated with the Bucks in past marijuana dealings. The only evidence in the affidavits concerning Mr. Herron related to his prior marijuana convictions and his familial relation to the Bucks. The only evidence concerning the Herron residence was that one time, four months before the search warrant was sought, Buck, Jr., said he was staying there to help harvest corn. We do not think that a reasonable officer would believe that these facts established probable cause to search the Herron residence for marijuana or the implements of its cultivation.

Moreover, we think that the officers involved should have been fully aware of the deficiencies of their affidavits. The problem is not a technical legal deficiency; the affidavits simply do not say very much about Mr. Herron or his residence.[2] The officers' affidavits were originally prepared to support a search-warrant application for the Buck farm. On this subject, they are focused, complete, and quite probative. By contrast, the affidavits barely touch on the Herron residence or Mr. Herron and then only in a way incidental to the Buck investigation. While the same affidavit can support probable cause at more than one location, here the affidavits were designed to support a search warrant for the Buck farm and applied to the Herron residence as an

_____

[2] In total, the affidavits make only two passing references to the Herron residence (to note Buck, Jr.'s, presence there and to request a search warrant for the residence) and only three total references to Mr. Herron (to note his criminal background, to note his familial relation to the Bucks, and to describe him as an occupant of the property to be searched).

afterthought. Under these circumstances, we think that the lack of probable cause in the affidavits would have been apparent to reasonable officers. In reaching this conclusion we are mindful that the subject of this search – a person's home – enjoys special protection under the Fourth Amendment.

Given the lack of evidence in the affidavits and the obvious nature of the deficiency, we conclude that the officers did not reasonably rely upon the issuing court's determination of probable cause for a search warrant. Accordingly, the motion to suppress should have been granted. The judgment of the District Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.