KAREN NELSON MOORE, Circuit Judge,
dissenting.
I respectfully dissent because the officers’ rebanee upon the warrant was not reasonable given the exiguous information presented to the issuing judge, and thus the Leon good-faith exception does not apply to this case. See, United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
Consequently, I believe that we must reach the issue, buried in the sand by the majority, of whether an officer can reasonably rely on a warrant when the officer possesses information that could establish probable cause but does not communicate that information to the magistrate. I wholeheartedly agree with Judge Gilman’s opinion on the proper role (or lack thereof) of withheld information in the calculus of Leon, and I do not elaborate on its reasoning at great length. Judge Gilman is certainly correct that Captain Lawson’s affidavit was insufficient to permit the issuing magistrate to determine that probable cause existed. Judge Gilman also properly concludes that information known to the officers, but not relayed to the issuing magistrate, cannot preserve the fruits of an invalid warrant under the Leon good-faith exception. The original panel should be reversed on this point, and I endorse Judge Gilman’s rejection of the decisions of the Eighth and Eleventh Circuits. See United States v. Johnson, 78 F.3d 1258 (8th Cir.1996); United States v. Martin, 297 F.3d 1308 (11th Cir.), cert. denied, 537 U.S. 1076, 123 S.Ct. 667, 154 L.Ed.2d 574 (2002). Knowledge withheld, either by accident or through purposeful omission or misrepresentation, cannot resuscitate otherwise suppressible evideiiee, because an officer who neglects to inform fully the issuing magistrate and who then executes the defective warrant does not manifest an “objectively reasonable”' good-faith belief that the warrant was valid. Leon, 468 U.S. at 922, 104 S.Ct. 3405. Far from demonstrating reasonable belief, the omitted information serves chiefly to highlight an officer’s understanding of the warrant’s deficiency because that officer is in a unique position to understand that the issuing magistrate lacked all the necessary data. Permitting information not presented to the issuing magistrate to serve as the lynchpin for invoking Leon perverts the meaning of the warrant requirement because it allows law enforcement officials to bypass the judiciary; evidence ■ produced by inadequate search warrants, which are starved of information and seemingly doomed by insufficient probable cause, should not receive a reprieve solely because of information obscured from the issuing magistrate’s consideration.
I part ways with Judge Gilman, as well as the majority, because of their conclusion that the officers here had an objectively reasonable good-faith belief in the warrant’s legitimacy based upon the scant information actually given to the issuing magistrate. I would rule that these officers were “relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Id. at 923, 104 S.Ct. 3405 (quotation omitted). *602 The majority holds that even though the affidavit did not provide enough of a nexus between the Carpenters’ residence and the illegal activity to sustain probable cause, “the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer’s good-faith belief in the warrant’s validity....” Maj. Op. at 596. In the majority’s view, the affidavit attesting to (1) the presence of marijuana “[njear” the residence and (2) “a road connecting” the residence to the area where the plants were growing did not suffice to give the officers probable cause to search, but supported the officers’ objectively reasonable belief that the warrant was valid. Id. Because I believe that the two facts presented in the affidavit at best draw a tenuous and shadowy connection between the Carpenter residence and the marijuana plants that is not sufficient to meet the Leon standards, I cannot agree that a reasonable officer could have believed that the warrant was valid.
The threshold issue is how to determine whether an officer has an objectively reasonable good-faith belief in the defective warrant’s validity. The Leon Court wrote that “our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate’s authorization.” 468 U.S. at 922 n. 23, 104 S.Ct. 3405. “The objective standard ... requires officers to have a reasonable knowledge of what the law prohibits.” Id. at 919 n. 20, 104 S.Ct. 3405. Some minimal connection between the property or person to be searched and the alleged wrongdoing is a necessary, but not sufficient, precondition for the satisfaction of this objective standard. The mere existence of some nexus will not preserve evidence from the exclusionary rule when a reasonable officer, well trained in the practice of searches and presumed to understand the basic principles of the law in this area, submits an affidavit describing a connection that so plainly fails to establish probable cause that the reasonable officer should not have applied for the warrant initially.
The presence of marijuana “near” the Carpenter residence and the sighting of a road “connecting” the marijuana and the residence implied some relationship between the two, but this link was so minimal and so plainly failed to show probable cause to search that the officers could not have believed that the warrant authorizing the search was valid. Several courts have held that Leon does not apply when an affidavit offers an extremely limited factual basis for probable cause or an extremely minimal nexus, because such an affidavit is “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Id. at 923, 104 S.Ct. 3405 (quotation omitted). For example, the Eighth Circuit ruled that no reasonable officer could have believed that probable cause existed when the only evidence connecting the defendant’s home to the cultivation of drugs was the presence of marijuana on a farm close to the defendant, which was owned by his relatives. United States v. Herron, 215 F.3d 812, 815 (8th Cir.2000). The court held that Leon did not apply, because there was neither evidence of marijuana growing at the defendant’s residence nor proof of any participation by the defendant in the cultivation of the marijuana discovered at the other farm. Id. at 814. The “officers involved should have been fully aware of the deficiencies of their affidavits” because the affidavits, which make only a few passing references to the defendant, “simply do not say very much about [the defendant] or his residence.” Id. & n. 2; see also United States v. Hove, 848 F.2d 137, 140 (9th Cir.1988) (rejecting argument that *603 Leon applied when affidavit did not link the searched residence to the defendant or explain why incriminating evidence may have been found there).
The cases upon which the majority relies are distinguishable from the facts here, because in each, the underlying affidavit contained considerably more detail or precision than Lawson’s affidavit, and therefore made it possible for officers executing the warrant to form a reasonable belief that probable cause existed. In United States v. Van Shutters, 163 F.3d 331 (6th Cir.1998), we upheld a search under. Leon because the affidavit stated that the affiant had personal knowledge of the defendant’s illegal activities, and because the affidavit described the location of the residence to be searched “with such particularity that a common sense inference is that the affiant visited the premises himself and presumably ... observed [the defendant] in the premises.” Id. at 337. In contrast to the majority’s reading of Van Shutters, I do not believe that we applied the Leon exception based only upon an extremely minimal connection to the illegal activity, namely the defendant’s access to the residence; we explained in Van Shutters that the affidavit presented a detailed connection such that “only a police officer with extraordinary legal training -would have detected any deficiencies in [the] document.” Id. Generally, when an affidavit provides detailed facts and eschews vague descriptions of the location or person to be searched, it is much more likely that a law enforcement official could form an objectively reasonable belief that a warrant was valid. See United States v. Watkins, 179 F.3d 489, 493, 499 (6th Cir.1999) (applying Leon when a six-page affidavit detailed several instances of the defendant’s drug-related activity both at and away from a different residence that the police did not search, even though the affidavit did not mention a second house that was the object of the search); United States v. Williams, 3 F.3d 69, 70-71, 74 (3d Cir.1993) (applying Leon because affidavit of housekeeper detailed specifics of illegal drug activity in motel room, such as “coded” knocks, overheard conversations, and observations of paraphernalia made while cleaning); cf. United States v. Helton, 314 F.3d 812, 816, 824 (6th Cir.2003) (rejecting application of Leon exception even though a twenty-seven-page affidavit supported the warrant, because the affidavit relied too heavily on an anonymous tipster’s recollections).
Additionally, the proximity of illegal marijuana cultivation to the property that is searched is a significant factor in assessing the objective reasonableness of an officer’s belief that probable cause existed. In United States v. Malin, 908 F.2d 163 (7th Cir.1990), the Seventh Circuit found that probable cause existed to search a residence, but questioned in the alternative whether Leon would apply. The court answered affirmatively because the officer’s affidavit described his observation of marijuana growing directly next to a house in a fenced-in yard, even though the officer did not observe any individual near the marijuana. Id. at 165-67. See also United States v. Huggins, 299 F.3d 1039, 1041, 1045 (9th Cir.2002) (concluding that an objectively reasonable officer could rely on an affidavit when it presented information that the defendant’s home consumed electricity in a manner consistent with marijuana cultivation).
The facts here are much closer to Her-ron -than they are to Van Shutters or Malin. Lawson’s affidavit provided only the barest modicum of information to the issuing magistrate. Its brevity and vacuousness sharply distinguishes it from the detailed affidavit presented in Van Shutters. It did not connect the Carpenter residence to the marijuana observed; that *604 the marijuana was seen “near” to the residence does not necessarily imply a connection between the two, particularly when Lawson knew that the plants were in fact approximately 900 feet from the Carpenter residence. Unlike Malin, when the marijuana grew in a fenced-in yard directly adjacent to the house, the marijuana “near” the Carpenters’ trailer was far enough away that no officer could draw a firm connection between the two, or between the marijuana and any other residence in the neighborhood for that matter. If the marijuana had been growing next to the trailer or in the patch of corn behind the trailer, the officers’ belief in the warrant’s validity might have been more reasonable. Furthermore, the road “connecting” the residence to the marijuana plants was in reality a dirt path leading from the Carpenters” trailer to a separate tractor path that may have served as the connection between the city road and a homestead behind the Carpenters’ trailer that had burned down several years before. The good-faith exception cannot apply here because Lawson’s affidavit was based on two extremely inconclusive connections between the marijuana and the house, and therefore Lawson could not have reasonably believed that probable cause existed.
Because there was no probable cause to justify the search and because I do not believe that a law enforcement officer could form the objectively reasonable belief that the warrant was valid when so little linked the Carpenter residence to the marijuana plants growing “near” the residence, I would reverse the district court and exclude the evidence gathered from the illegal search.