# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-2877
_____

United States of America

*Plaintiff - Appellee*

v.

Addidas Michael Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: September 25, 2020
Filed: September 30, 2020
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Addidas Michael Williams pled guilty to unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). The district court[1] sentenced him to 100 months in prison. As authorized by the plea agreement, he

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

appeals the denial of his motion to suppress.  Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

I.

On October 25, 2018, Davenport police officers arrested Williams, who had several outstanding warrants.  Searching him, they found individually packaged baggies of marijuana and marijuana blunts.  The car he was driving was registered to Akali Cheri Jack, the mother of his children.  He refused to provide her address.  Asked where he lived, Williams replied that he stayed "everywhere."  While in custody, he received several phone calls from a local pharmacy where Jack worked.

That same day, Detective Ann Sievert applied for a search warrant to search Williams's cell phone and a residence on Lillie Avenue, where Jack lived.   The affidavit included, among other things, information about Williams's relationship with Jack, a tip he was living with her, and a list of his prior convictions for drug trafficking.  A state judge authorized the search, which uncovered a firearm, drugs, drug paraphernalia, and ammunition.

Before trial, Williams moved to suppress the evidence, arguing the affidavit lacked probable cause that he resided at the Lillie Avenue residence, or that evidence of criminal activity would be found there or on his phone.  Williams also moved to suppress statements he later made as fruits of an illegal warrant.  The district court denied the motion, ruling the good-faith exception applied.

On appeal, Williams argues the district court erred in denying his motion to suppress.  This court reviews de novo the legal determination of probable cause, and the district court's factual findings for clear error.  *See **United States v. Smith***, 648 F.3d 654, 658 (8th Cir. 2011).

-2-

II.

Like the district court, this court addresses only whether the good-faith exception applies. Before "reviewing the existence of probable cause," this court "may consider the applicability of the good-faith exception to the exclusionary rule," which permits evidence obtained in reliance on an "objectively reasonable" warrant. *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the issuing judge's authorization." *Id*. (cleaned up). The good-faith exception applies unless, as applicable here, the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 923 (1984).

Williams argues that no well-trained officer could have reasonably believed there was probable cause that he resided on Lillie Avenue. To the contrary, the affidavit noted that Williams was dating Jack, shared two children with her, resided with her, and was driving her car. Two months earlier, she reported a domestic dispute with Williams at a shared residence. While in custody after his arrest, he received multiple calls from her place of employment. The affidavit also noted that Jack recently had provided the Lillie Avenue residence as a forwarding address for utilities. Based on their extensive relationship, the affidavit was not so lacking in indicia of probable cause that Williams lived at the Lillie Avenue residence. *See United States v. Trejo*, 632 Fed. App'x 877, 880 (8th Cir. 2015) (applying the good-faith exception based on the "the totality of the circumstances," including tips that the defendant lived at the residence searched).

Williams also believes that no well-trained officer could have reasonably believed there was probable cause that evidence existed at the Lillie Avenue residence or on his phone. In the affidavit, Detective Sievert noted that drug traffickers "frequently maintain" incriminating evidence at their residence and on their phone. The affidavit also summarized Williams's criminal history, including

"Domestic battery, Aggravated battery, Theft, Possession of Cannabis, Aggravated Battery on Government Official, Carry/ Possession of a Firearm, and a Controlled Substance Violation [felony conviction]." The affidavit was not so lacking in indicia of probable cause that evidence of drug trafficking existed at the Lillie Avenue residence or on Williams's phone. *See United States v. Ross*, 487 F.3d 1120, 1123 (8th Cir. 2007) ("[W]e have found probable cause to exist in cases in which officers have stated that in their experience such an inference [that evidence of drug trafficking exists at the trafficker's residence] is appropriate and in which a supporting affidavit also described a defendant's continuous course of drug trafficking activity."); *United States v. Carpenter*, 341 F.3d 666, 671 (8th Cir. 2003) ("As a matter of common sense, it is logical to infer that someone in possession of valuable contraband would store that contraband in a safe, accessible location such as his or her residence.").

Resisting the good-faith exception, Williams relies almost entirely on out-of-circuit cases that reject the good-faith exception if an affiant deliberately misleads a judge in reckless disregard of the truth or relies on bare bones suspicions, beliefs, or conclusions. *See, e.g.*, *United States v. McPhearson*, 469 F.3d 518, 526 (6th Cir. 2006) (no good faith if there was no nexus between the residence and drug trafficking); *United States v. Gonzales*, 399 F.3d 1225, 1229 (10th Cir. 2005) (no good faith if the "factual basis connecting the place to be searched to the defendant" is "wholly absent"). True, if information connecting a defendant to drugs at a residence is negligible, generic statements about an officer's training and experience are insufficient to establish good-faith reliance. *See Gonzales*, 399 F.3d at 1231. Here, however, the affidavit was not so lacking in indicia of probable cause as to render reliance on it as objectively unreasonable.[2]

---

[2]Williams also argues that his later statements should be suppressed as fruit of the poisonous tree. Because the search was not illegal, this court need not address this argument.

-4-

The evidence seized in reliance on the warrant is admissible based on the good-faith exception.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____