United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2275

_____

United States of America

*Plaintiff - Appellee*

v.

Johntez Randle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 18, 2022
Filed: July 5, 2022

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Johntez Randle conditionally pleaded guilty to possession with intent to distribute a controlled substance. See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He now appeals the denial of his pre-trial motion to suppress evidence seized in a warrant search of his residence and the denial of his request for a hearing and related discovery to challenge the warrant affidavit's sufficiency. See Franks v. Delaware, 438 U.S. 154 (1978). The appeal also initially challenged the substantive

reasonableness of his 108-month sentence, but Randle's Reply Brief withdrew that challenge based on the appeal waiver in his conditional plea agreement.

Reviewing *de novo*, we affirm the district court's[1] conclusion that the evidence Randle seeks to suppress is admissible because "it was objectively reasonable for the officer executing [the] search warrant to have relied in good faith on the [issuing] judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007), cert. denied, 552 U.S. 1281 (2008), applying United States v. Leon, 468 U.S. 897 (1984). Reviewing denial of the request for a Franks hearing for abuse of discretion, we affirm the district court's determination that Randle failed to make the necessary "substantial preliminary showing" of "deliberate falsehood or of reckless disregard for the truth." See Franks, 438 U.S. at 155, 171; United States v. Short, 2 F.4th 1076, 1077 (8th Cir.) (standard of review), cert. denied, 142 S. Ct. 626 (2021). Accordingly, we affirm.

## I. The Leon Good Faith Issue

Minneapolis police investigated Randle for selling crack cocaine while he was on supervised release for a prior federal offense. After conducting a controlled buy, Minneapolis Police Officer Efrem Hamilton applied for a warrant to search a home on Vera Cruz Lane in Brooklyn Park, Minnesota that Randle listed as his supervised release address. The warrant was issued and executed that day. Randle arrived with the search underway. Police seized 308 grams of crack cocaine and related evidence from the home and from bags carried by Randle. After indictment, he moved to suppress this evidence.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Officer Hamilton's warrant affidavit first recited his experience in narcotics investigations and described his investigation of Randle and the Brooklyn Park home:

> Your Affiant received information from a Confidential Reliable Informant (CRI) that a male is selling crack cocaine in and around the city of Minneapolis MN. Through various investigative techniques, your affiant positively identified the male as Johntez Leondus RANDLE []. Your affiant has had many interactions with RANDLE including arrests and undercover crack cocaine buys from RANDLE. RANDLE is currently on U.S. Probation and on Supervised Release. RANDLE has [] Vera Cruz Lane Brooklyn Park, MN listed as his reported address until 03/08/2021.

After reciting the CRI's past reliability, Officer Hamilton described the CRI's controlled buy of crack cocaine from Randle "[w]ithin the past 72 hours":

> CRI contacted RANDLE and a short time later RANDLE arrived inside . . . a silver 2008 Audi Q7 Sports Utility Vehicle which is registered to him in the DMV/DVS records. CRI made contact with RANDLE who was the front seat passenger. . . .
>
> RANDLE sold a quantity of suspected crack cocaine that later field tested positive to CRI in exchange for the pre-recorded buy funds. CRI returned and presented to your Affiant an amount of suspected crack cocaine that they purchased. Your affiant showed the CRI a color photo of RANDLE and they confirmed that RANDLE is the person that they bought the field tested positive crack cocaine while in an area of Minneapolis.
>
> Your Affiant and assisting Officers followed RANDLE as he drove from the City of Minneapolis to his home located at [] Vera Cruz Lane, Brooklyn Park, MN.
>
> Later, your Affiant field screened a small amount of the purchased suspected crack cocaine, and it field screened positive for cocaine. . . .

Adopting findings in the magistrate judge's report and recommendation, the district court found that Hamilton's affidavit contained "sufficient facts to establish probable cause that Randle was engaging in the sale of narcotics and that he likely lived at the [Vera Cruz] Residence."

In addition to probable cause that contraband or evidence of a crime will be found, "there must be evidence of a nexus between the contraband and the place to be searched." United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000). Here, the district court concluded, the affidavit did not create a "fair probability that evidence of Randle's alleged drug trafficking activities would be found at the Residence." The affidavit did not include Officer Hamilton's statement that in his professional judgment drug traffickers typically keep narcotics in their home. See United States v. Ross, 487 F.3d 1120, 1123 (8th Cir. 2007). In addition, the affidavit "did not state that Officer Hamilton followed Randle to the Residence directly after the controlled buy" and failed to specify when the officers started following Randle.

The court nonetheless denied Randle's motion to suppress because the "Leon good-faith exception clearly applies." Under this exception to the Fourth Amendment exclusionary rule, "disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." Grant, 490 F.3d at 632. We will assume without deciding that the warrant affidavit lacked a sufficient showing of nexus and turn to consideration of the officers' good faith. See United States v. Carpenter, 341 F.3d 666, 669 (8th Cir. 2003).

The objective good faith inquiry requires analysis of "whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." Leon, 468 U.S. at 922 n.23. The good faith exception does not apply when "an affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923 (quotation omitted).

In Carpenter, we noted that "'[e]ntirely unreasonable' is not a phrase often used by the Supreme Court." 341 F.3d at 670. Given this "particularly strong choice of words," we held that the Leon good faith exception applied. Despite the warrant affidavit's "multiple alleged infirmities," we concluded "that the cumulative effect of the information set forth in the affidavit provides an adequate basis for finding that Officer Shoemaker's reliance [on the warrant] was reasonable." Id. at 668, 670. Regarding the alleged lack of facts showing a nexus between the residence and suspected contraband, we observed that, "[a]s a matter of common sense, it is logical to infer that someone in possession of valuable contraband would store that contraband in a safe, accessible location such as his or her residence." Id. at 671. We distinguished our prior decision in United States v. Herron, 215 F.3d 812 (8th Cir. 2000), on which Randle heavily relies, because "the affidavit to support the warrant [in Herron] focused suspicion of illegal activity solely on a separate suspect." 341 F.3d at 672. Like the district court, we conclude that the information in the Hamilton affidavit -- that Randle was engaged in drug trafficking, including the controlled buy by a CRI -- "allows for a reasonable inference that Randle was trafficking drugs and might be storing 'valuable contraband' in his home."

We view the failure of Hamilton's affidavit to recite that in his judgment drug dealers often store contraband in their home to be "a technical legal deficiency." Herron, 215 F.3d at 814. After the controlled buy, the affidavit recited that officers followed Randle to his home on Vera Cruz Lane. Thus, it was not "entirely unreasonable" to rely on the warrant providing probable cause to search the home for "valuable contraband" he was storing. The district court did not err in concluding that the Leon good faith exception applies and denying the motion to suppress.

## II. The Franks Hearing Issue

Under Franks v. Delaware, the presumptive validity of a warrant affidavit must be set aside and an evidentiary hearing held:

where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause.

United States v. Kattaria, 553 F.3d 1171, 1176 (8th Cir.) (en banc) (quoting Franks, 438 U.S. at 155-56), cert. denied, 558 U.S. 1061 (2009). "The requirement of a substantial preliminary showing is not lightly met." United States v. Arnold, 725 F.3d 896, 898 (8th Cir. 2013) (quotation omitted). The showing must be supported by reliable evidence or affidavits, not mere allegations. Franks, 438 U.S. at 171.

Although Randle's motion for a Franks hearing alleged a number of material misrepresentations and omissions in Hamilton's warrant affidavit, the magistrate judge recommended that a Franks hearing be granted only for the omission of the fact that Randle's state driving and identification records recite that he lives at an address on Stevens Avenue in Minneapolis, not the Vera Cruz Lane address in Brooklyn Park. "This information would clearly have been critical to the issuing judge," the magistrate judge concluded, and therefore further recommended that Randle be allowed supplemental discovery on this issue. The district court disagreed and denied Randle's motions for discovery and a Franks hearing.

Randle's appeal focuses on the omission of the Stevens Avenue address. Where the defendant's claim is that the affiant intentionally or recklessly omitted material information from the affidavit, "reckless disregard for the truth may be inferred . . . only when the material omitted would have been clearly critical to the finding of probable cause." United States v. Carnahan, 684 F.3d 732, 735 (8th Cir.) (cleaned up), cert. denied, 568 U.S. 1016 (2012).

Officer Hamilton testified that he was aware of records listing the Stevens Avenue address but did not believe this disclosure was relevant because in his

experience, people use multiple addresses for different reasons. Randle argues the magistrate judge correctly concluded that this omission was "clearly critical" because the affidavit's probable cause showing was based on the assumption that the Vera Cruz residence was Randle's "home" and therefore a place where a drug trafficker would store contraband. According to Randle, disclosing that state records listed a second address would have contradicted, or at least called this assumption into question, and the warrant to search the Vera Cruz residence would not have issued.

We agree with the district court that neither the omission of the Stevens Avenue address nor the affidavit's characterization of the Vera Cruz Lane address as Randle's home satisfies the "substantial preliminary showing" needed to warrant a Franks hearing. As the district court explained:

> Given that at the time of the search Randle was on supervised release and was being actively supervised by the U.S. Probation Office, Randle's address on record with the Probation Office is strong evidence of where he was living. The [Vera Cruz] Residence is where Randle's probation officer was told to find him. The use of the word "currently" in describing Randle's supervised release status suggests that it may be a more recent address than others on record. Although Randle may have had other residences where he occasionally stayed or received mail, the Probation Office records establish that the Residence on Vera Cruz Lane is at least one of his residences.

There is no evidence that Officer Hamilton in submitting his warrant affidavit knowingly disregarded the truth to mislead the issuing judge. Even if the Stevens Avenue listings might have been of interest, "in a warrant affidavit, the government need only show facts sufficient to support a finding of probable cause." Short, 2 F.4th at 1080 (quotation omitted). Here, the Probation Office records plus the averral that officers followed Randle to Vera Cruz Lane after the controlled buy gave Officer Hamilton reason to believe that his warrant affidavit provided facts sufficient to support a finding of probable cause that contraband would be found at that address.

The district court did not abuse its discretion in denying Randle's motions for a <u>Franks</u> hearing and further discovery. Randle's contention that the court committed "procedural error" when it held a hearing on Randle's motion for a <u>Franks</u> hearing without conducting a "full" <u>Franks</u> hearing is without merit. Randle's counsel had a full opportunity to cross examine Officer Hamilton at the motion hearing, but was unable to satisfy the "substantial preliminary showing" necessary to warrant grant of a <u>Franks</u> hearing.

The judgment of the district court is affirmed.

_____