# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-1253

———————————————

United States of America

*Plaintiff - Appellee*

v.

Juan Dontae Shelton

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: October 18, 2023
Filed: November 15, 2023
[Unpublished]

——————————

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

In June 2021, the Davenport Police Department dispatch informed Officer Bryant Wayland of a hit-and-run accident. Witnesses to the accident provided a physical description of the suspect, along with the make and model of the suspect's car. One witness stated that the suspect possessed a firearm.

Officer Wayland found and stopped the car. He commanded the driver to step out of the car with his hands on top of his head and to walk backwards towards him. The driver, Juan Shelton, exited the car but did not comply with Officer Wayland's other commands. For example, Shelton was holding his cellphone and dropped his hands from his head to look at it. After Shelton was detained, Officer Wayland searched the car. He found multiple firearms and a bag containing marijuana, methamphetamine, and drug packaging material. Various items were seized, including Shelton's cellphone.

The investigation of this incident was assigned to Detective Daniel Reeves. Detective Reeves obtained a search warrant from a state judge in Scott County, Iowa to search Shelton's cellphone for "evidence of illegal narcotics and firearm possession/sales." In the affidavit in support of the warrant application, Detective Reeves detailed the events of the traffic stop, including that "[w]hen Shelton exited the vehicle[,] he possess[ed] and look[ed] at [his] cellphone." He stated that he believed there was "probable cause to search [Shelton's] phone for evidence relating to the illegal possession of a firearm by a felon to include photos, videos, text messages, and communication via social media applications like Facebook, Snapchat and other text messaging applications on the device." He believed that "the contents of the phone [would] assist in the investigation and prosecution of Shelton . . . and identify other co-conspirators to include the marijuana and methamphetamine source of supply." After Detective Reeves received the warrant from the state judge, he reviewed text messages, photographs, and videos on Shelton's cellphone and found evidence of drug dealing, photographs of the firearms that had been seized, and photographs and videos of child pornography.

Shelton was charged with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), production of child pornography, *id.* § 2251(a), and possession of child pornography, *id.* § 2252(a)(4)(B), (b)(2). He moved to suppress evidence from the traffic stop, including the evidence from his cellphone. The

district court[1] denied the motion. A jury then found Shelton guilty of all charges, and the district court sentenced him to 330 months' imprisonment. On appeal, Shelton asserts that the district court erred in denying his motion to suppress the evidence from his cellphone.

When evaluating the denial of a motion to suppress, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. *United States v. Stevenson*, 727 F.3d 826, 829 (8th Cir. 2013). The Fourth Amendment provides that "no Warrant[] shall issue, but upon probable cause." However, even when a search warrant is not supported by probable cause, evidence seized pursuant to the warrant is admissible under the good-faith exception to the exclusionary rule if "it was objectively reasonable for the officer executing [the] search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007). "In assessing whether the officer relied in good faith on the validity of a warrant, we consider the totality of the circumstances, including any information known to the officer but not included in the affidavit." *Id.* An officer's reliance on a search warrant is unreasonable when (1) "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) "the issuing magistrate wholly abandoned his judicial role," (3) the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant was "so facially deficient" that the executing officer could not reasonably presume the warrant to be valid. *United States v. Leon*, 468 U.S. 897, 923 (1984).

Here, Shelton argues only that Detective Reeves's affidavit was so lacking in indicia of probable cause that no reasonable officer would have relied upon a warrant

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa, adopting the report and recommendation of the Honorable Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa.

that was issued based on it. Even assuming there was not probable cause to search Shelton's cellphone, it was objectively reasonable for Detective Reeves to rely in good faith on the state judge's determination that there was probable cause to issue the warrant to search Shelton's cellphone. The affidavit in support of the warrant detailed the events of the traffic stop, including that Shelton held and looked at his cellphone while exiting the car. It noted that drugs were found in the car and that the contents of Shelton's cellphone could help officers identify co-conspirators in illegal drug sales. *See United States v. Eggerson*, 999 F.3d 1121, 1125 (8th Cir. 2021) (determining that if firearms are "tools of the drug trade," then "there is little reason to believe that cell phones are not"). The warrant was limited in scope, authorizing officers to search Shelton's cellphone only for "evidence of illegal narcotics and firearm possession/sales." *See id.* at 1126 (concluding that the good-faith exception applied because, among other things, the search warrant was limited in scope). Even though the affidavit arguably was conclusory with regard to the connection between Shelton's cellphone and criminal activity, it was not so lacking in indicia of probable cause that no reasonable officer would have relied upon it.

Shelton argues that the affidavit in support of the search warrant is similar to the defective affidavits in *United States v. Herron*, 215 F.3d 812 (8th Cir. 2000), *United States v. Oglesby*, No. 4:18-CR-0626, 2019 WL 1877228 (S.D. Tex. Apr. 26, 2019), and *United States v. Ramirez*, 180 F. Supp. 3d 491 (W.D. Ky. 2016). Shelton's reliance on these cases is misplaced. The affidavits in these three cases did not connect the defendants' property to any criminal activity. *See Herron*, 215 F.3d at 814-15 (concluding that the good-faith exception did not apply when the affidavits in support of the search warrants provided no evidence that the defendant was connected to illegal activity); *Oglesby*, 2019 WL 1877228, at \*4, \*6 (rejecting an affidavit that failed to "even specify the offense of which the cell phone was alleged to contain evidence"); *Ramirez*, 180 F. Supp. 3d at 495 (finding that the good-faith exception did not apply when the only particularized facts in the affidavit included a description of the phone, the fact that the defendant's phone was with him when he was arrested for a drug-related conspiracy, and that the affiant had served for three years in the police department). Here, Detective Reeves's affidavit

connected Shelton's cellphone with potential criminal activity. For example, Shelton's behavior of actively looking at his cellphone, in contravention of Officer Wayland's commands, suggested a nexus between the cellphone and criminal activity. Thus, the district court did not err in denying Shelton's motion to suppress.

Because we find the good-faith exception applicable, we need not reach the issue of whether the warrant was supported by probable cause. *See United States v. Williams*, 976 F.3d 807, 809 (8th Cir. 2020) ("Before reviewing the existence of probable cause, this court may consider the applicability of the good-faith exception to the exclusionary rule, which permits evidence obtained in reliance on an objectively reasonable warrant." (internal quotation marks omitted)).

Accordingly, we affirm.

_____