# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1197

_____

United States of America

*Plaintiff - Appellee*

v.

Barry Christopher Brown, Jr., also known as Big Splash

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: October 20, 2023
Filed: December 27, 2023
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Barry Christopher Brown, Jr. pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 87 months in prison and three years of

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

supervised release. He appeals a pretrial ruling on his motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In January 2021, DEA Special Agent Jeffrey Buckles submitted an affidavit for a search warrant of Brown's hotel room at the Country Inn & Suites in Bismarck, North Dakota. Supporting the request, Buckles reported: (1) Brown paid for one week at the hotel ($420.00) in cash; (2) Brown listed his address as a residence in Taylor, Michigan; (3) Detroit (17 miles from Taylor), is a known source of opiate pills trafficked in North Dakota; (4) Agent Buckles arrested several drug traffickers from Michigan at the Country Inn & Suites in Bismarck; (5) a week earlier, Brown stayed at another hotel in Bismarck—also known for drug trafficking—and paid in cash; (6) three months earlier, Brown spoke with an inmate incarcerated for attempted murder associated with a drug deal and possession of controlled substances; (7) Brown has a criminal history including controlled substance offenses; (8) Brown's Facebook page had a photo posted a week earlier of Brown with a stack of cash; (9) Brown's Instagram had a story with an emoji of a bag of money with the caption, "stop sayin I got a big bag it's enormous;" (10) other social media photos showed Brown posing with firearms and cash; and (11) drug traffickers commonly post photos with large amounts of cash to show the proceeds from drug trafficking. In the affidavit, Buckles noted he had worked for the DEA for 7 years. The magistrate judge issued the search warrant. Brown challenged the search. The district court found probable cause existed, or alternatively, the good-faith exception applied. *See United States v. Leon*, 468 U.S. 897 (1984).

Brown argues there was no probable cause supporting the warrant. In reviewing the denial of a motion to suppress, this court reviews factual findings for clear error and legal determinations de novo. *United States v. Gonzalez*, 781 F.3d 422, 427 (8th Cir. 2015). This court reviews a finding of good faith for clear error, but reviews de novo the objective reasonableness of the officer's reliance on the warrant. *United States v. Norey*, 31 F.4th 631, 635 (8th Cir. 2022).

This court need not determine whether probable cause existed because the district court did not clearly err in finding the good-faith exception applied. *See id.* (holding that the court can consider "the applicability of the good-faith exception to the exclusionary rule . . . without addressing whether probable cause exists"). "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the issuing judge's authorization." *Id.* The good-faith exception does not apply when: "(1) the affiant misled the issuing judge with a knowing or reckless false statement; (2) the issuing judge wholly abandoned her judicial role; (3) the supporting affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) the warrant was so facially deficient that the executing officer could not reasonably presume its validity." *United States v. Hay*, 46 F.4th 746, 751 (8th Cir. 2022) (cleaned up).

Brown argues the good-faith exception is inapplicable because the affidavit was so lacking in indicia of probable cause that Agent Buckles' belief that there was probable cause was entirely unreasonable. *See United States v. Herron*, 215 F.3d 812, 814-15 (8th Cir. 2000) (reversing the district court's conclusion that the good-faith exception applied because the "only evidence in the affidavits concerning Mr. Herron related to his prior marijuana convictions and his familial relation to" the primary targets of the investigation). But Agent Buckles provided multiple facts supporting illegal activity: Brown's cash payments at two known drug-trafficking hotels, his phone call to a known drug trafficker, his prior convictions for controlled substance offenses, and his posts with large amounts of money. He also included the inferences he drew from these facts based on his extensive training, education, and experience with narcotics trafficking investigations. *See United States v. Williams*, 976 F.3d 807, 809-10 (8th Cir. 2020) (holding good-faith exception applied where the affidavit contained the defendant's criminal history for battery, theft, drug, and firearm convictions and the detective's statement that drug traffickers frequently maintain incriminating evidence at their residence). The district court did not err in finding the good-faith exception applied.

\* \* \* \* \* \* \*

The judgment is affirmed.

KELLY, Circuit Judge, concurring in the judgment.

A warrant must be supported by probable cause. <u>Illinois v. Gates</u>, 462 U.S. 213, 239 (1983). "Probable cause to search exists if 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" <u>United States v. Buchanan</u>, 574 F.3d 554, 561 (8th Cir. 2009) (quoting <u>Gates</u>, 462 U.S. at 238). Agent Buckles' affidavit failed to meet that standard.

Buckles' affidavit for a search warrant of Brown's hotel room at the Country Inn & Suites said that Brown lived near Detroit, one of several "source" cities identified in the affidavit. It stated that he paid in cash for one week each at two hotels in Bismarck, and suggested these cash payments were an attempt "to remain anonymous," even though Brown provided the hotel with his true name, home address, and phone number. According to the affidavit, Brown had a "criminal history" of two felony drug charges, but there was "no disposition recorded" for either of them. Buckles also identified one phone call made from Brown's phone. But most of the information provided in the affidavit about the person called was obtained from a newspaper article Buckles found on the internet, not from court records or other law enforcement sources. The affidavit also described photos posted on social media that depicted Brown with firearms and "US Currency." Notably, other than referencing these photos, which arguably were posted on social media while Brown was in Bismarck, the affidavit lacked any information about Brown's conduct while in North Dakota. It did not describe any suspected drug transactions involving Brown, information from anyone alleging that Brown was in possession of or distributing drugs, or reports that Brown had visitors at his hotel room consistent with illegal activity.

Even if the affidavit Buckles submitted in support of the search warrant raised a suspicion that Brown was involved in drug trafficking, it did not establish probable cause to search his hotel room. Probable cause to search requires a nexus between alleged illegal activity and the location to be searched. United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000); see United States v. Norey, 31 F.4th 631, 637 (8th Cir. 2022). But the affidavit failed to show that required nexus between illegal conduct and Brown's hotel room. Indeed, according to the affidavit, drug traffickers who come to North Dakota often "conceal those drugs both on their person, and inside hidden compartments in vehicles." However, the affidavit said nothing about hotel rooms. While Buckles said he had previously executed search warrants at the Country Inn & Suites that resulted in the seizure of "drugs, US currency, and/or arrests," that does nothing to support the assertion that those items would be found in *Brown's* hotel room.

Nevertheless, this court has said that under the good-faith exception, "evidence obtained under the authority of a facially valid search warrant will not be suppressed if the executing officers acted in objective good faith on the magistrate [judge]'s determination of probable cause, even if probable cause is later found to be lacking." United States v. Koons, 300 F.3d 985, 992 (8th Cir. 2002) (citing United States v. Leon, 468 U.S. 897, 922 (1984)). For that reason, I concur in the judgment.

_____